# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST and JOHN FULTZ as a Fiduciary of the BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> FRENZELIT NORTH AMERICA, INC., <br><br> Defendant. | Case No. 2:20-cv-_____ |

## COMPLAINT

Plaintiffs, Boilermaker-Blacksmith National Pension Trust (the "Pension Fund") and John Fultz as a fiduciary of the Boilermaker-Blacksmith National Pension Trust (collectively the "Plaintiffs"), by their counsel, Tucker Arensberg, P.C., file the following Complaint against Defendant Frenzelit North America, Inc. ("Frenzelit"):

## REQUEST FOR TRIAL

1. Pursuant to the Western District of Missouri Rules 3.2(c) and 38.1, the Plaintiffs request a jury trial to be held in Kansas City, Missouri.

## NATURE OF THE ACTION

2. Plaintiffs bring this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1381–1405 and 1451, to compel Defendant Frenzelit, a former contributing employer, and any current or former members of Frenzelit's controlled group, to pay withdrawal liability and additional statutory damages under 29 U.S.C. § 1132(g)(2).

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under Sections 502(e) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(c).

4. Venue lies in this district under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Pension Fund is administered in this district.

**PARTIES**

5. Plaintiff Pension Fund is a multi-employer employee benefit pension plan within the meaning of 29 U.S.C. §§ 1002(3) and 1002(37) that has been established pursuant to Section 302(c)(5) of the Labor Management Relations Act ("Taft-Hartley Act"), 29 U.S.C. § 186(c)(5), and maintains its principal place of business at 12200 NW Ambassador Drive, Suite 326, Kansas City, Missouri 64163.

6. The Pension Fund is maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

7. Plaintiff John Fultz is a fiduciary of the Pension Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

8. The Pension Fund is administered within this judicial District.

9. Upon information and belief, Defendant Frenzelit is a North Carolina corporation which, at all relevant times, maintained its physical principal place of business at 4165 Old Salisbury Road, Lexington, North Carolina 27295 and a mailing address of P.O. Box 185, Lexington, North Carolina 27293.

**BACKGROUND**

10. At all relevant times, the Pension Fund was a third-party beneficiary to at least one collective bargaining agreement between Frenzelit and the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers of America ("IBB") (the "Agreements").

11. Under the Agreement(s), Defendant Frenzelit was obligated to report and submit contributions for the hours of covered work performed by its IBB employees to the Pension Fund.

12. The Pension Fund determined that Defendant Frenzelit completely withdrew from the Pension Fund under Section 4203(a) of ERISA, 29 U.S.C. § 1383(a), in December 31, 2015, when it ceased having an obligation to contribute to the Pension Fund and permanently ceased all covered operations under the Agreement(s), including cancellation of the National Maintenance Agreement and that the amount of withdrawal liability attributable to Defendant Frenzelit is $285,555.00.

13. In accordance with Sections 4202 and 4219 of ERISA, 29 U.S.C. §§ 1382 and 1399, the Pension Fund sent Defendant Frenzelit a Withdrawal Liability Notice and Demand letter dated May 22, 2019 (the "Demand Letter"), attached as **Exhibit A**, stating that:

   a. Defendant Frenzelit triggered a complete withdrawal from the Pension Fund, within the meaning of Section 4203 of ERISA, 29 U.S.C. § 1383;

   b. The amount of withdrawal liability attributable to Defendant Frenzelit is $285,555.00;

   c. Defendant Frenzelit could discharge its withdrawal liability by making either (i) a lump-sum payment to the Pension Fund in the amount of $285,555.00; or (ii) forty (40) equal monthly payments of $7,764.45, followed by a final monthly payment of $2,182.55; and

   d. Defendant Frenzelit's first payment was due within 60 days from Defendant Frenzelit's receipt of the Demand Letter (*i.e.*, on or before July 22, 2019).

14. Defendant Frenzelit made its first two monthly payments to the Fund under the schedule set forth in the Demand Letter, but has failed to make any subsequent monthly payments that have become due from September 2019 to present.

15. In accordance with Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), the Pension Fund sent Defendant Frenzelit a Default Letter dated October 4, 2019 (the "Default Letter"), attached as **Exhibit B,** notifying Defendant Frenzelit of its failure to make the third monthly payment under the Demand Letter and warning that if such failure was not cured within

60 days (*i.e.*, on or before December 4, 2019), the Pension Fund would file a federal lawsuit to collect the withdrawal liability, plus all accrued interest, attorneys' fees, liquidated damages, and costs.

16. Defendant Frenzelit failed to cure its third missed payment on or before the December 4, 2019 deadline. In fact, in addition to that payment, Defendant Frenzelit still has not, to date, made any of the other payments that have since become due under the schedule in the Demand Letter.

17. Defendant Frenzelit's failure to cure in accordance with the Demand Letter constitutes a default pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1339(c)(5)(A), entitling the Pension Fund to immediate payment of the total outstanding amount of Frenzelit's withdrawal liability.

18. Defendant Frenzelit has waived its right to contest the Fund's withdrawal liability assessment.

19. Pursuant to Section 4221 of ERISA, 29 U.S.C. § 1401, arbitration of withdrawal liability disputes is mandatory, and if an employer fails to initiate arbitration within the applicable deadline, the amount demanded by the pension fund becomes due and owing.

20. Submitting a timely Request for Review under Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), is a prerequisite to demanding arbitration under Section 4221 of ERISA.

21. Under Section 4219(b)(2)(A) of ERISA, a contributing employer may, no later than 90 days after receiving notice of the pension fund's withdrawal liability assessment, request the fund to review any specific matter relating to the determination of the employer's liability and the schedule of payments. Then, under Section 4219(b)(2)(B) of ERISA, the pension fund must conduct a reasonable review of all matters raised in the employer's request, although there is no specific deadline for doing so.

22. An employer's deadline to demand arbitration under Section 4221(a)(1) is based

on the events described in the previous paragraph: the employer must demand arbitration after the earlier of (a) 60 days from the pension fund's Response to the employer's Request for Review under Section 4219(b)(2)(B) of ERISA, or (b) 180 days after the employer's Request for Review under Section 4219 (b)(2)(A) of ERISA.

23. Because Defendant Frenzelit received the Pension Fund's Demand Letter on or around May 22, 2019, Frenzelit was required to submit a Request for Review no later than August 20, 2019.

24. Defendant Frenzelit did not send the Pension Fund a Request for Review by August 20, 2019.

25. Because Defendant Frenzelit did not send the Pension Fund a Request for Review by August 20, 2019, the Pension Fund did not issue a Response to the Request for Review under Section 4219(b)(2)(B).

26. Defendant Frenzelit has therefore waived its right to dispute the Pension Fund's assessment of withdrawal liability through the mandatory arbitration procedure under Section 4221 of ERISA, 29 U.S.C. § 1401.

27. In addition to the $285,555.00 in principal withdrawal liability, the Pension Fund is entitled to recover the following mandatory damages pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2):

    a. interest at the rate provided in the Pension Fund's Trust Agreement;

    b. the greater of (i) the same amount of interest in the preceding paragraph (*i.e.,* a "double interest" penalty), or (ii) liquidated damages under the Pension Fund's Trust Agreement; and

    c. reasonable attorneys' fees and costs.

28. Those damages are owed to the Pension Fund because, under Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), delinquent withdrawal liability payments are treated in the same manner as delinquent contributions under Section 515 of ERISA, 29 U.S.C. §1145. In turn, the

damages under Section 502(g)(2), 29 U.S.C. § 1132(g)(2) are mandatory when a pension fund prevails in an action to compel delinquent contributions under Section 515 of ERISA.

29. Because these damages under Section 502(g)(2) will continue to increase as this case progresses, the Pension Fund reserves its right to collect all such additional damages that become due between now and the Court's entry of judgment.

WHEREFORE, Plaintiffs Boilermaker-Blacksmith National Pension Trust and John Fultz, as a fiduciary of the Boilermaker-Blacksmith National Pension Trust, demand judgment against Defendant Frenzelit for withdrawal liability in the amount of $285,555.00, plus accrued interest, the greater amount of interest or liquidated damages, and reasonable attorneys' fees and costs incurred by the Pension Fund.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

*/s/ Neil J. Gregorio*
Neil J. Gregorio, Esquire
KS-001101
ngregorio@tuckerlaw.com
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

Counsel for the Plaintiffs, Boilermaker-Blacksmith National Pension Trust and John Fultz as a Fiduciary of the Boilermaker-Blacksmith National Pension Trust

TADMS:5157794-4 032403-182322